**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**STEPHEN BALLARD,**                                                           **PLAINTIFF,**

**VS.**                                         **CIVIL ACTION NO. 1:97CV42-P**

**PHILLIPS CONTRACTING CO., INC.**
**EMPLOYEE BENEFIT PLAN,**                                    **DEFENDANT.**

**<u>ORDER</u>**

These matters come before the court upon Plaintiff's Motion to Reopen Case [17-1] and Defendant's Motion to Dismiss [19-1]. After due consideration of the motions the court finds as follows, to-wit:

The plaintiff filed his Complaint on February 11, 1997 wherein he sought *inter alia* medical expenses from his employer's employee benefit plan pursuant to ERISA. On June 19, 1997 the court stayed this action pending resolution of criminal charges filed against the plaintiff. On July 17, 2000 the court administratively closed the instant case because it had been pending for over three years with no action taken.

On May 15, 2006 the plaintiff filed a motion to reopen this case since the underlying criminal proceedings were finally resolved in 2000 in *Ballard v. State*, 768 So.2d 924 (Miss. Ct. App. 2000).[1]

---

[1] This court is unclear as to the date of the final disposition of the criminal charges against the plaintiff. In his motion to reopen, the plaintiff avers that they were finally resolved in *Ballard v. State*, 768 So.2d 924 (Miss. Ct. App. 2000). In its response and motion to dismiss, the defendant avers that the plaintiff pled guilty to felony simple assault in July 2003. From the record before the court, it appears that the latter date would likely be the correct date of final resolution since the Mississippi Court of Appeals in *Ballard* reversed the plaintiff's conviction and remanded the case to the trial court.

The plaintiff's counsel states that through inadvertence, he failed to promptly file a motion seeking to reopen.

On June 1, 2006 the defendant filed their response to the motion to reopen and on June 2, 2006, the defendant filed a motion to dismiss on the same grounds; namely, that (1) in July 2003 the plaintiff pled guilty to felony simple assault on a law enforcement officer and now seeks to reopen his case almost three years later to seek recovery of medical expenses incurred as a result of the injuries he received during the commission of said felony; (2) the language of the Phillips's benefits contract specifically excludes coverage for expenses for injuries "caused by or attributed to engagement in any illegal occupation or commission of, or attempt to commit, a felony"; and (3) pursuant to Miss. Code Ann. § 97-3-7(1), simple assault on a police officer is a felony. The plaintiff filed neither a reply to the defendant's response nor a response to the defendant's motion to dismiss.

Furthermore, on June 7, 2006 the plaintiff's counsel filed a Suggestion of Death wherein he states that the plaintiff died on May 23, 2006.

Since the plaintiff waited some three years, see Footnote 1, after the underlying criminal action was concluded, almost six years after this case was administratively closed for failure to prosecute, the court concludes that the motion to reopen the case should be denied pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Given that the court declines to reopen this case, the defendant's motion to dismiss should be denied as moot. This conclusion is also supported by the Suggestion of Death given that the plaintiff is deceased and no intention to prosecute this case by the plaintiff's estate has been brought before the court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Reopen Case [17-1] is **DENIED**; therefore,

(2) Defendant's Motion to Dismiss [19-1] is **DENIED** as moot.

**SO ORDERED** this the 24th day of October, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE